[No. 32579. Department One. May 14, 1954.]

WILLIAM A. FORANT, *Respondent*, v. FOSTER M. PRATT *et al.*, *Appellants*.[1]

*Royal & Abbott,* for appellants.

*Nixon & Hove,* for respondent.

PER CURIAM.—In this action, plaintiff sues for a balance allegedly due on a real-estate commission based upon an alleged oral contract for such commission with his employers, certain real-estate brokers. The latter, defendants, deny the existence of such contract, and affirmatively assert (a) an accord and satisfaction between the parties by payment and acceptance of a commission in a lesser amount than presently claimed by plaintiff salesman in the instant lawsuit; (b) a release of one of the brokers by reason of a promissory note given to him by plaintiff, covering certain advances and, allegedly, settling accounts, the giving of which note also released the other broker of the real-estate brokerage partnership.

Assignments of error are directed at the trial court's findings and conclusions of law. We have carefully reviewed the entire statement of facts, with particular emphasis upon the evidence pertaining to the assignments of error challenging certain findings of the trial court. The evidence is conflicting, but, in our judgment, it does not clearly preponderate against the findings of the trial court. Under the circumstances, the rule is that we will not disturb the trial court's findings here on appeal. This principle of appellate review requires no lengthy citation of authorities. *Callihan v. Hoopman, ante* p. 918, 267 P. (2d) 906.

The trial court's findings of fact relating to the existence of an oral contract and a balance due on a real-estate commission in connection with such contract, and the findings of fact relative to (a) accord and satisfaction, and (b) release, affirmative defenses, advanced by defendants, as mentioned above, support the trial court's conclusions of law on these matters in favor of plaintiff.

[1] Reported in 270 P. (2d) 474.

The judgment is consistent with the findings and the conclusions of law reached by the trial court. It follows that it must be and it is hereby in all respects affirmed.