[No. 32755. Department Two. July 1, 1954.]

JOHN P. HACKETT et al., *Appellants*, v. DON MARLOW et al., *Respondents*.[1]

*W. N. Beal*, for appellants.

*Patterson, Maxwell & Jones*, for respondents.

PER CURIAM.—Plaintiffs seek recovery of an earnest-money payment forfeited for noncompliance with a real-estate earnest-money receipt and agreement.

Plaintiff husband agreed to purchase a one-half interest in a restaurant and tavern, subject to his wife's approval within ten days. Plaintiffs urge that the wife made a timely and valid rejection of the agreement after inspecting the premises. The defendants contend that approval of the agreement was given, but plaintiffs failed to complete the transaction.

The action was tried to the court. After hearing the testimony and considering the evidence, the trial judge entered findings of fact, conclusions of law, and judgment dismissing the action.

Assignments of error are directed to the trial court's findings of fact, conclusions of law, and judgment; and to the trial court's refusal to make certain proposed findings of fact and conclusions of law; and his refusal to enter judgment for plaintiffs.

We have examined the record carefully, giving special attention to the evidence relating to the challenged findings of fact. The testimony is directly conflicting and irreconcilable. The evidence does not preponderate against the facts as found by the trial court. In view of these findings, the conclusions of law and judgment necessarily follow.

Under such circumstances, the judgment of the trial court must be affirmed. *Callihan v. Hoopman*, 44 Wn. (2d) 918, 267 P. (2d) 906 (1954); *Forant v. Pratt*, 44 Wn. (2d) 923, 270 P. (2d) 474 (1954).

The judgment is affirmed.

[1] Reported in 272 P. (2d) 141.